UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHARLES A. DUNN SR.,

               Plaintiff,

-against-

FREDERICK TIPTON, ALSO KNOWN AS
FREDDIE GIBBS; ESGN, LLC; ALAN
MAMAN, ALSO KNOWN AS "THE
ALCHEMIST"; ALC RECORDS LLC;
VIRGIN MUSIC GROUP,

               Defendants.

26-CV-1230 (AS)

ORDER

ARUN SUBRAMANIAN, United States District Judge:

Plaintiff, who resides in Florida, filed a *pro se* amended complaint asserting a copyright infringement claim, pursuant to 17 U.S.C. § 101 *et seq*., against Defendants Frederick Tipton, also known as Freddie Gibbs; ESGN, LLC; Alan Maman, also known as "the Alchemist"; ALC Records LLC; and Virgin Music Group. (ECF 6.) He alleges that venue is proper here because Defendants "reside in, are found in, or regularly conduct business in" this district (*Id.* at 1); however, Plaintiff does not provide addresses at which Defendants may be served. By order dated February 23, 2026, the Court granted Plaintiff's application to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on assistance from the Court and the U.S. Marshal Service (USMS) to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). While the court will assist a plaintiff proceeding IFP with effecting service on a defendant, "[i]t is the

responsibility of the plaintiff . . . to provide a current address at which service may be effected on each defendant." *Van Arsdol v. Charle*s, No. 25-CV-5366 (LTS), 2025 WL 1808881, at *1 (S.D.N.Y. July 1, 2025) (quoting *Lewis v. Maldonado*, No. 14-CV-0437 (MPS), 2015 WL 2016174, at *1 (D. Conn. May 1, 2015)); *Sebastian v. Doe*, No. 25-CV-0911 (JAV), 2025 WL 831588 (S.D.N.Y. Feb. 19, 2025) (same); *see Hunter v. Hill*, No. 04-CV-0920, 2009 WL 483154, at *2 (W.D.N.Y. Feb. 25, 2009) ("[I]t is not the responsibility of the [Court] . . . to provide plaintiffs with the names and addresses of the defendants which they sue.").

The Court therefore directs Plaintiff, within 30 days, to provide the Court with service addresses for each named Defendant. If Plaintiff is unable to comply within the prescribed time, he should file a motion seeking an extension of time. Once Plaintiff provides service addresses, the Court will issue an order directing the USMS to effect service on Plaintiff's behalf.

Plaintiff may wish to consult the City Bar Justice Center ("CBJC"), which operates the SDNY Federal Pro Se Legal Assistance Project to assist self-represented parties with civil cases in this court. Appointments can be scheduled by phone (212-382-4794), email (fedprosdny@nycbar.org), or by completing the intake form. A flyer with details is attached.[1]

## CONCLUSION

The Court directs Plaintiff, within 30 days of the date of this order, to provide the Court with current addresses at which Defendants may be served. If Plaintiff fails to comply with this order within the time allowed, or fails to seek an extension of time to comply, the Court will dismiss the action without prejudice to refiling.

---

[1] The CBJC is a private organization that it not part of the court, and the CBJC's SDNY Federal Pro Se Legal Assistance Project cannot accept filings on behalf of the court.

Plaintiff may receive court documents by email by completing a Consent to Electronic Service form.[2]

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   March 11, 2026
         New York, New York

_____
ARUN SUBRAMANIAN
United States District Judge

---

[2] If Plaintiff consents to receive documents by email, Plaintiff will no longer receive court documents by regular mail.