UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHARLES A. DUNN, SR.,

                Plaintiff,

-against-

FREDERICK TIPTON, ALSO KNOWN AS
FREDDIE GIBBS; ESGN, LLC; ALAN
MAMAN, ALSO KNOWN AS "THE
ALCHEMIST"; ALC RECORDS; VIRGIN
MUSIC GROUP,

                Defendants.

26-CV-1230 (AS)

ORDER OF SERVICE

ARUN SUBRAMANIAN, United States District Judge:

      Plaintiff, who is appearing *pro se*, brings this action asserting a copyright infringement claim, pursuant to 17 U.S.C. § 101 *et seq.* By order dated February 23, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

      Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service for assistance with effecting service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

      To allow Plaintiff to effect service on Defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

("USM-285 form") for Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

### CONCLUSION

The Clerk of Court is instructed to issue summonses for Defendants Frederick Tipton, aka Freddie Gibbs; ESGN, LLC; Alan Maman, aka "the Alchemist"; ALC Records; and Virgin Music Group, complete the USM-285 forms with the addresses for Defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service. **The First Amended Complaint is the operative pleading, and the Court directs the Clerk of Court to include it in the service package.[2] (ECF 6.)**

The Clerk of Court is further directed to mail an information package to Plaintiff.

SO ORDERED.

Dated:    March 19, 2026
          New York, New York

_____
ARUN SUBRAMANIAN
United States District Judge

---

[2] Plaintiff filed a second amended complaint "solely" to correctly identify ALC Records, and he otherwise "incorporates by reference all allegations, claims, and requests for relief set forth in the First Amendment Complaint." (ECF 8 at 2-3.)

**SERVICE ADDRESS FOR EACH DEFENDANT**

1.    Frederick Tipton, aka Freddie Gibbs
c/o Carron Mitchell, Esq.
Mitchell Law Group
1900 Avenue of the Stars, Suite 1800
Los Angeles, CA 90067

2.    ESGN, LLC
c/o eResidentAgent, Inc.
Registered Agent for ESGN, LLC
9000 Sunset Blvd, Suite 1260
West Hollywood, CA 90069

3.    Alan Maman, aka "the Alchemist"
c/o Goliath Artists, Inc.
9100 Wilshire Blvd, Suite 500W
Beverly Hills, CA 90212

4.    ALC Records
c/o Alan Maman, aka "the Alchemist"
9100 Wilshire Blvd, Suite 500W
Beverly Hills, CA 90212

5.    Virgin Music Group
c/o CT Corporation System
1209 Orange Street
Corporation Trust Center
Wilmington, DE 19801