UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK

Charles A. Dunn Sr.,
Plaintiff,

v.

Frederick Tipton p/k/a "Freddie Gibbs," et al.,
Defendants.

Case No. 1:26-cv-01230 (AS)

PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE PURSUANT TO RULE 4(e)(1)
AND N.Y. CPLR § 308(5) AS TO DEFENDANT ALC RECORDS

To the Honorable Court:

Plaintiff Charles A. Dunn Sr., proceeding pro se, respectfully moves this Court pursuant to
Federal Rule of Civil Procedure 4(e)(1) and New York CPLR § 308(5) for an order authorizing
alternative service of process upon Defendant ALC Records.

BACKGROUND AND DILIGENT EFFORTS

1. Plaintiff commenced this action under the Copyright Act, 17 U.S.C. § 101 et seq., arising from
   the unauthorized use of the copyrighted musical composition "Everything Is You."
2. As alleged in the Second Amended Complaint, ALC Records is identified as the label credited in
   connection with the commercial release of the album Alfredo 2 and the infringing recording at
   issue in this action.
3. Plaintiff further alleges that ALC Records operates as a label imprint, trade name, or business
   designation associated with Defendant Alan Maman, p/k/a "The Alchemist," rather than as a
   separately registered legal entity.
4. Plaintiff has undertaken diligent, good-faith efforts to identify a formal legal entity structure,
   registered agent, or physical address for ALC Records but has been unable to locate any such
   information.
5. Publicly available information does not identify ALC Records as a distinct legal entity capable of
   being served through traditional means.
6. In light of the foregoing, Plaintiff reasonably believes that ALC Records operates through and in
   association with Defendant Alan Maman.
7. Plaintiff has not been able to identify a valid address or authorized agent for service of ALC
   Records.

8. Accordingly, service by traditional means has proven impracticable despite Plaintiff's diligent efforts.

ARGUMENT

9. Federal Rule of Civil Procedure 4(e)(1) permits service of process in accordance with the law of the state in which the district court is located.
10. New York CPLR § 308(5) authorizes the Court to direct an alternative method of service where traditional service is impracticable.
11. Courts in this District routinely permit alternative service where the plaintiff demonstrates (i) reasonable diligence and (ii) that the proposed method is reasonably calculated, under the circumstances, to apprise the defendant of the action.
12. Plaintiff satisfies both requirements.
13. Where a defendant operates through a trade name, label imprint, or associated business designation, service upon the individual through whom that designation operates is reasonably calculated to provide actual notice.
14. Service through Defendant Alan Maman, who is publicly associated with and alleged to operate ALC Records, is reasonably calculated, under the circumstances, to apprise Defendant of this action.
15.

PROPOSED METHOD OF SERVICE

15. Plaintiff respectfully requests authorization to effect service upon Defendant ALC Records by:

- Service upon Alan Maman, p/k/a "The Alchemist," as the individual publicly associated with and operating ALC Records and reasonably likely to provide actual notice.

CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an order authorizing alternative service upon Defendant ALC Records pursuant to Rule 4(e)(1) and N.Y. CPLR § 308(5) and granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

*Charles A Dunn Sr.* 4/1/26

Charles A. Dunn Sr.
Plaintiff, Pro Se

GRANTED.  Plaintiff may proceed with service by the method described at list item 15 above.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 18.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: April 20, 2026