UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK

Civil Action No. 1:26-cv-01230-AS

CHARLES A. DUNN, SR.,
Plaintiff,

v.

FREDRICK TIPTON, et al.,
Defendants.

GRANTED. The Court authorizes the service described here on the representation that plaintiff has been communicating with settlement counsel and, indirectly, already with defense counsel (who, for whatever reason, appear to be evading service). **If defendants do not enter an appearance on or before August 14, 2026, plaintiff may move for default judgment.**

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 43.
SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: August 5, 2026

PLAINTIFF'S RENEWED MOTION FOR ALTERNATIVE SERVICE UPON DEFENDANT FREDRICK TIPTON

Plaintiff, Charles A. Dunn, Sr. ("Plaintiff"), appearing pro se, respectfully renews his Motion for Alternative Service upon Defendant Fredrick Tipton ("Defendant") and, in support thereof, respectfully states as follows:

I. INTRODUCTION

At the June 23, 2026, pretrial conference, the Court encouraged the parties to allow approximately thirty (30) days for settlement discussions before Plaintiff renewed his request for alternative service upon Defendant Fredrick Tipton. Plaintiff honored the Court's encouragement by refraining from renewing his request during that period and participating in additional settlement discussions through settlement counsel to resolve this matter without further litigation.

Consistent with the Court's encouragement, Plaintiff participated in good-faith settlement negotiations through settlement counsel and made substantial efforts to resolve this action without further judicial intervention. Despite those efforts, settlement counsel advised Plaintiff on July 20, 2026, that the parties were unable to reach a negotiated resolution. Settlement counsel further advised Plaintiff that defense counsel represented Defendant lacked the financial means to resolve the matter on Plaintiff's proposed settlement terms and that, absent settlement, the defense was prepared to allow this action to proceed toward judgment, leaving Plaintiff to pursue whatever post-judgment enforcement remedies may thereafter be available.

Accordingly, the purpose underlying the Court's encouragement has now been fulfilled. Plaintiff respectfully renews his request that the Court authorize alternative service upon Defendant Fredrick Tipton so that this action may proceed.

## II. PROCEDURAL HISTORY

Plaintiff previously moved for authorization to effect alternative service upon Defendant Fredrick Tipton after multiple attempts by the United States Marshals Service to effect service proved unsuccessful.

During the June 23, 2026, pretrial conference, the Court encouraged the parties to allow approximately thirty (30) days for settlement discussions before Plaintiff renewed his request for alternative service.

Plaintiff complied with the Court's encouragement by refraining from renewing his request during that period and participating in additional settlement negotiations through settlement counsel in good faith.

## III. SUBSEQUENT DEVELOPMENTS

Following the June 23, 2026, conference, Plaintiff continued participating in settlement discussions through settlement counsel in accordance with the Court's encouragement. During those negotiations, Plaintiff made substantial efforts to resolve this matter through negotiated settlement. Despite those efforts, settlement counsel advised Plaintiff on July 20, 2026, that the parties were unable to reach a settlement. Settlement counsel further advised Plaintiff that defense counsel represented Defendant lacked the financial means to resolve the matter on Plaintiff's proposed settlement terms and that, absent settlement, the defense was prepared to allow this action to proceed toward judgment, leaving Plaintiff to pursue whatever post-judgment enforcement remedies may thereafter become available.

Accordingly, the settlement discussions encouraged by the Court concluded without resolution. Plaintiff has therefore fully complied with the Court's encouragement before renewing his request for alternative service.

During the June 23, 2026, pretrial conference, the Court and the parties also discussed the prior unsuccessful attempts by the United States Marshals Service to effect service upon Defendant Fredrick Tipton.

As of the filing of this Renewed Motion, however, the docket contains no return, memorandum, notation, or other explanation from the United States Marshals Service concerning those unsuccessful service attempts. Consequently, despite the passage of the Court-encouraged settlement period, Plaintiff remains without any explanation regarding why service was unsuccessful or whether additional attempts by the Marshals Service are reasonably likely to produce a different result absent further direction from the Court.

IV. RENEWED REQUEST FOR ALTERNATIVE SERVICE

Plaintiff does not seek reconsideration of the Court's prior handling of alternative service. Rather, Plaintiff respectfully renews this request because the circumstances that warranted allowing additional time for settlement no longer exist. The Court-encouraged settlement period has expired, the parties were unable to resolve this dispute, and this action cannot move forward until Defendant is served.

Defense counsel previously instructed that communications concerning this litigation be directed to:

Carron Mitchell, Partner
Barnes & Thornburg LLP
2029 Century Park East, Suite 300
Los Angeles, California 90067
Direct Telephone: (424) 363-2929
Email: cmitchell@btlaw.com

Throughout the Court-encouraged settlement period, Plaintiff and settlement counsel communicated with defense counsel through that designated professional email address concerning this litigation.

Under these circumstances, Plaintiff respectfully requests that the Court authorize alternative service upon Defendant Fredrick Tipton by transmitting the Summons, Complaint, and all documents necessary to effect service to defense counsel, Carron Mitchell, at cmitchell@btlaw.com.

Service through the professional email address designated by Defendant's counsel for communications concerning this litigation is reasonably calculated to provide Defendant with actual notice, satisfies the requirements of due process, and will permit this action to proceed without further unnecessary delay.

V. CONCLUSION

Plaintiff complied with the Court's encouragement to allow additional time for settlement discussions before renewing his request for alternative service. Those discussions concluded without resolution. Settlement counsel advised Plaintiff that defense counsel represented Defendant lacked the financial means to resolve the matter on Plaintiff's proposed settlement terms and that, absent settlement, the defense was prepared to allow this action to proceed toward judgment, leaving Plaintiff to pursue whatever post-judgment enforcement remedies may thereafter be available.

Additionally, despite the passage of the Court-encouraged settlement period, the docket continues to contain no return, memorandum, notation, or other explanation from the United

States Marshals Service concerning the unsuccessful attempts to effect service upon Defendant Fredrick Tipton.

Accordingly, the circumstances that prompted the Court to defer further consideration of alternative service have now concluded. Plaintiff respectfully renews his request that the Court authorize alternative service upon Defendant Fredrick Tipton through Defendant's counsel, Carron Mitchell, by electronic mail directed to cmitchell@btlaw.com, so that this action may proceed on its merits.

WHEREFORE,

Plaintiff respectfully prays that this Court enter an Order:

A. Authorizing alternative service upon Defendant Fredrick Tipton through Defendant's counsel, Carron Mitchell of Barnes & Thornburg LLP, by electronic mail directed to cmitchell@btlaw.com;

B. Providing that such service shall constitute effective service upon Defendant Fredrick Tipton in this action; and

C. Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

Charles A Dunn Sr - 7/21/26

Charles A. Dunn, Sr.
Plaintiff, Pro Se
2340 Coolbrook Ct.
Oviedo, FL 32766
Charlesdunn37@gmail.com
(929) 303-1315