UNITED STATES DISTRICT COURTSOUTHERN DISTRICT OF NEW YORK

Civil Action No. 1:26-cv-01230-AS

CHARLES A. DUNN, SR.,
Plaintiff,

v.

FREDRICK TIPTON, et al.,
Defendants.

PLAINTIFF'S MOTION FOR LIMITED DISCLOSURE OF INFORMATION TO ASSIST SERVICE ON DEFENDANT ALAN MAMAN

Plaintiff Charles A. Dunn, Sr., proceeding pro se, respectfully requests an order directing Defendant ESGN, LLC to provide limited information from its knowledge and existing records that may assist Plaintiff in locating and serving Defendant Alan Maman. Plaintiff seeks a written response by a definite deadline so that he can complete a USM-285 form and submit usable service instructions to the United States Marshals Service.

Background

1. Plaintiff is attempting to complete service of the summons and operative complaint on Defendant Alan Maman.

2. On September 24, 2026, the Court denied Plaintiff's request concerning service on Maman through Theodor K. Sedlmayer. The Court found that the records Plaintiff submitted did not show that service through Sedlmayer was appropriate for Maman. ECF No. 74. Plaintiff does not ask the Court to approve that method on the same record. He requests limited information that may identify where Maman can be located or whether someone is authorized to accept process for him.

3. Publicly displayed pages for Alfredo 2 identify Freddie Gibbs and The Alchemist, Maman's professional name, as album artists; list "Empanadas" as a track; and display a copyright credit naming ESGN LLC and ALC Records. Exhibit A. These pages provide a concrete reason to ask whether ESGN has contact information for Maman. They do not establish Maman's address or anyone's authority to accept service for him.

4. In a November 13, 2025, email responding to Plaintiff's allegation concerning "Empanada," attorney Carron Mitchell expressly stated that her firm represented Freddie Gibbs and ESGN,

LLC and directed further correspondence to her attention. Exhibit B. Plaintiff does not claim that this email identifies Mitchell as Maman's attorney.

5. In a December 12, 2025, email, Mitchell transmitted a formal response and settlement proposal concerning the alleged use of "Everything Is You" in "Empanada" and offered to discuss potential settlement terms. Exhibit C. Mitchell also participated in settlement negotiations with Plaintiff in July 2026 concerning resolution of this complaint. Her involvement provides a further reason to direct this limited inquiry to ESGN and give Mitchell notice of it. Plaintiff does not claim that those negotiations establish that Mitchell represented Maman, knew his whereabouts, or could accept service for him.

6. Plaintiff submits the December email only to explain the basis for requesting service information from ESGN. Plaintiff does not offer the settlement communication as proof of liability, an admission, or evidence of the value of his claim. Plaintiff does not request the settlement proposal, negotiation terms, or privileged communications.

7. The Clerk has entered certificates of default against ESGN and Tipton. Plaintiff does not assert that those defaults prove ESGN will disregard an order entered now. They do explain why Plaintiff seeks a Court-ordered written response with a definite deadline, rather than relying solely on a voluntary inquiry.

Specific information requested

8. Plaintiff requests that ESGN state the following concerning Alan Maman only, to the extent known to ESGN or reasonably available from its existing records:

   a. Current or last known addresses.

Maman's current or last known business, residential, or mailing address. ESGN should identify each address as current or last known, according to its information, and state when it last understood the address to be associated with Maman, if known.

   b. Agent, manager, or other representative.

The name, role, and current or last known business contact information of any agent, manager, or other business representative for Maman known to ESGN. For each person identified, ESGN should state whether it knows that the person is currently authorized to accept service of process for Maman individually, and the basis for that understanding.

   c. Current or former attorney.

The name and current or last known business contact information of any attorney ESGN knows currently or formerly represented Maman in connection with Alfredo 2, "Empanadas," or this dispute. For each attorney identified, ESGN should state whether it knows that the attorney

currently represents Maman in this action or has expressly agreed to accept service of process for him.

9. If ESGN does not know an answer after a reasonable review of its existing records, Plaintiff requests that ESGN say so in writing. Plaintiff does not ask ESGN to obtain records from Maman, undertake a new investigation, disclose privileged communications, or decide whether a particular means of service is legally sufficient.

10. Plaintiff seeks current and last known information because either may provide instructions or a lead for the Marshals. Plaintiff does not ask the Court to deem service at a last known address, or service through a manager, agent, or former attorney, valid merely because ESGN identifies that person or address.

Response, notice, and further procedure

11. Plaintiff requests that ESGN provide the written response within 14 days after entry of the order, directly to Plaintiff at the contact information in his signature block. If a response contains a residential address, Plaintiff requests that it be provided directly rather than placed in a publicly filed document. Plaintiff can then use the information to prepare the USM-285 form and, if necessary, seek a further order concerning service.

12. Plaintiff requests permission to send the motion and any resulting order to ESGN through its registered agent and to give Mitchell notice by email and USPS Certified Mail at her current business contact information. The May 5, 2026, email providing that information is attached as Exhibit D. Giving Mitchell notice does not constitute service on Maman and does not ask the Court to find that she represents him.

13. If ESGN does not respond by the deadline, Plaintiff requests leave to submit a short declaration documenting delivery of the order and the absence of a response. Plaintiff can then request further relief on that record. He does not request an automatic sanction or a finding in advance that ESGN will fail to comply.

To the extent discovery has not otherwise commenced, Plaintiff requests authorization for this limited disclosure under Federal Rule of Civil Procedure 26(d)(1). The requested information is confined to locating and attempting service on Maman; Plaintiff does not seek discovery concerning the merits of his claims.

WHEREFORE, Plaintiff respectfully requests that the Court enter an order:

1. Directing ESGN, LLC to provide a written response concerning Alan Maman only to the categories in paragraph 8, to the extent known or reasonably available from its existing records, within 14 days after entry of the order;

2. Permitting Plaintiff to send the motion and any resulting order by USPS Certified Mail to:
   ESGN, LLC

   c/o eResidentAgent, Inc.
   9000 Sunset Blvd., Suite 1260
   West Hollywood, CA 90069

   and to provide separate notice by email and USPS Certified Mail to ESGN's identified counsel:
   Carron Mitchell

   Barnes & Thornburg LLP
   2029 Century Park East, Suite 300
   Los Angeles, CA 90067
   cmitchell@btlaw.com; and

3. Permitting Plaintiff, if ESGN does not respond by the deadline, to submit a declaration documenting delivery and the absence of a response and to request further relief from the Court.

Respectfully submitted,

Charles A Dunn Sr - 9/24/26

Charles A. Dunn, Sr.
Plaintiff, Pro Se
325 Pretty Acres Avenue
Hahnville, LA 70057
929-303-1315
Charlesdunn37@gmail.com

Plaintiff's motion is DENIED. Defendant ESGN, LLC has not appeared in this case, and plaintiff provides no legal basis for a court order requiring ESGN to provide the information plaintiff seeks. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 77.

SO ORDERED.

Arun Subramanian, U.S.D.J.

Date: September 29, 2026